IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-166-FL

| | |
|---|---|
| JEFFREY HUTTNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security, )<br>Defendant. )<br>_____ ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-22 & 26). Plaintiff has responded to Defendant's motion (DE-28), and the time for filing any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-26). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on February 4, 2010, alleging disability beginning August 14, 2008. (Tr. 10). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated August 25, 2011. *Id*. at 10-19. The Social Security

Administration's Office of Hearings and Appeals denied Plaintiff's request for review on January 27, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on March 30, 2012. [1] (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

---

[1] Plaintiff's motion to proceed *in forma pauperis* and a proposed complaint were filed on March 29, 2012. (DE-1).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

3

Case 5:12-cv-00166-FL   Document 29   Filed 03/22/13   Page 3 of 9

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2008. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) lumbar stenosis; 2) degenerative disc disease; 3) depression; 4) bipolar disorder; and 5) obsessive-compulsive disorder ("OCD"). *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 13. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id*. at 21-22. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is able to climb stairs and ramps occasionally. The claimant should never climb ropes, ladders or scaffolds. He is limited to occasional bending, balancing, stooping, crawling, kneeling or crouching. The claimant should avoid hazardous machinery. He is limited to occasional overhead reaching with the left non-dominant hand. The claimant requires the option to alternate between sitting and standing while remaining on task. He is limited to simple, routine and repetitive tasks. The claimant should have occasional contact with supervisors, co-workers and the general public. Lastly, he is limited to work in a low stress environment.
>
> *Id.* at 14.

The ALJ then determined that Plaintiff was unable to perform any of his past relevant work. *Id*. at 17. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 18-19. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from August 14, 2008 through August 25, 2011. *Id*. at 19.

## **The ALJ did not properly address the opinions of Dr. Dudley**

The undersigned recommends remand because the ALJ did not properly address the medical opinions of Dr. Stephen Dudley. As discussed below, Dr. Dudley, *inter alia*, consistently diagnosed Plaintiff with bipolar disorder, and on at least two occasions opined that Plaintiff was unable to work.

Dr. Dudley examined Plaintiff on April 30, 2010. *Id*. at 422. Plaintiff was "very manic, hyperverbal, and tangential at times . . ." *Id*. In addition, Plaintiff was depressed and cried during the interview. *Id*. Furthermore, Dr. Dudley noted that Plaintiff had difficulty with focus and attention and was a very poor listener. *Id*. Ultimately, Dr. Dudley opined that Plaintiff "cannot engage in activities that require sustained mental efforts." *Id*.

On July 21, 2010, Dr. Dudley stated that he Plaintiff had been diagnosed with bipolar disorder and OCD, and that he treated Plaintiff monthly on an outpatient basis. *Id*. at 419. He noted that Plaintiff is not able to "socialize . . . cooperatively around others without event." *Id*. Plaintiff's "current level of functioning [was] poor." *Id*. According to Dr. Dudley, Plaintiff was "unable to [work] secondary to his psychiatric problems." *Id*. Dr. Dudley made similar findings on February 28, 2011. *Id*. at 436.

Plaintiff was "not doing well" on August 6, 2010. *Id*. at 431. He was hyperverbal, and his mood was depressed and irritable. On August 25, 2010, Plaintiff's attention and concentration were poor and he demonstrated poor short term memory. *Id*. at 478.

On October 27, 2010, Plaintiff's attention and concentration were poor and his speech was tangential and rambling. *Id*. at 474. Dr. Dudley stated that Plaintiff had been diagnosed with bipolar disorder. *Id*. at 433. He opined that Plaintiff's GAF was 30-40. *Id*. Furthermore, Dr. Dudley noted that Plaintiff suffered from panic attacks and obsessive-compulsive symptoms.

5

*Id*. In addition, Dr. Dudley indicated that Plaintiff had extreme restrictions in his activities of daily living and extreme difficulty maintaining social functioning. *Id*. at 432. Plaintiff was deemed to have deficiencies of concentration, persistence or pace which would result in frequent failure to complete tasks in a timely manner. *Id*. at 432. Finally, Dr. Dudley indicated that Plaintiff was extremely impaired in most of his work related abilities. *Id*. at 433.

On November 22, 2010, Dr. Dudley observed that Plaintiff's thoughts were scattered, circumstantial and tangential. *Id*. at 473. He also reported manic episodes and fatigue. *Id*.

During a January 1, 2011 examination, Plaintiff's mood was depressed. *Id*. at 459. Dr. Dudley stated that a depressed mood was "pretty much baseline for [Plaintiff]." *Id*. Plaintiff exhibited a depressed and anxious mood on March 25, 2011. *Id*. at 455. He was again diagnosed with bipolar disorder. *Id*.

With regard to Dr. Dudley's opinions, the ALJ made the following findings:

> On February 28, 2011, Dr. Stephen Dudley issued a statement concerning the claimant's functional limitations. Dr. Dudley stated that the claimant was unable to work secondary to his psychiatric problems (Ex. 13F). Although we consider opinions from medical sources on such issues, the final responsibility for deciding these issues is reserved to the Commissioner, who is the ultimate arbiter of the issue of disability. Under 20 CFR 404.1527(e)(3) and 20 CFR 416(e)(3), the Social Security Administration will not give any special significance to the source of an opinion on issues reserved to the Commissioner.
>
> Dr. Dudley also assessed the claimant's functional limitations. Dr. Dudley opined that the claimant's mental limitations caused extreme limitations in social functioning and activities of daily living. In addition, Dr. Dudley stated that the claimant ha deficiencies of concentration, persistence or pace that resulted in a frequent failure to complete tasks in a timely manner. Moreover, the claimant had extreme limitations in his abilities to understand and remember short and simple instructions. Dr. Dudley also opined that the claimant's ability to maintain attention and concentration for extended periods. The claimant had an extreme limitation in his ability to accept instruction and respond appropriately to criticism from supervisors (Ex.11F). The undersigned gives Dr. Dudley's opinion limited weight, to the extent that is consistent with the residual functional

capacity. The objective evidence and the claimant's subjective evidence support Dr. Dudley's opinion.

*Id.* at 16.

Plaintiff argues that the ALJ did not adequately explain why Dr. Dudley's opinions were given less than controlling weight. (DE-23, pg. 10-11). The undersigned agrees. The ALJ gave Dr. Dudley's opinions limited weight, but only to the extent they it were consistent with his RFC finding. (Tr. 16). The ALJ does not specify the weight given to any opinions that contradict his RFC finding, although it can be implied those opinion were given no weight. Regardless, Dr. Dudley's opinions were clearly given less than controlling weight. However, the ALJ's decision contains little analysis explaining his treatment of Dr. Dudley's opinions.

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the

7

treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011).

Here, the ALJ's brief and incomplete analysis of the opinions and findings of Dr. Dudley does not satisfy these requirements. First, as noted above, it is not completely clear what specific weight he gave the entirety of Dr. Dudley's opinions. The statement that the ALJ gave them weight to the extent they agreed with his other findings is self-evident, and does not provide the analysis required. *See*, Abbott v. Astrue, 2012 WL 761587, * 6 (D.S.C. March 8, 2012)("Without knowing specifically the weight accorded to [medical] opinions . . . this court is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard [them] entirely . . .")

Likewise, the ALJ does not specifically discuss why Dr. Dudley's opinions were given less than controlling weight. Indeed, the undersigned notes that the record generally indicates that: 1) Dr. Dudley had a served as Plaintiff's psychiatrist for a relatively significant period of

8

time; 2) Dr. Dudley's opinion agrees with and is supported by other findings in the record; and 3) Dr. Dudley appears to be a specialist in the field. Thus, many of the relevant factors weigh in favor of giving his opinions controlling weight. Regardless, the ALJ here failed to adequately explain his treatment of Dr. Dudley's findings. Accordingly, this matter should be remanded to permit Defendant to make more specific finings with regard to the opinions and findings of Dr. Dudley.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 21, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE